IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**BARBARA ENGLAND, et. al.**
            **Plaintiffs,**

**vs.**                                        **CASE NO.  3:10cv98/RV/MD**

**CONTINENTAL CASUALTY COMPANY,**
            **Defendant.**

_____

## O R D E R

This case came before the court on the following discovery matters: defendant's second motion for protective order to enforce November 16 order and for sanctions (doc. 79) and plaintiffs' response (doc. 95), defendant's motion to compel and for sanctions (doc. 83) and plaintiffs' response (doc. 87, 94), plaintiffs' motion to strike (doc. 87) and defendant's response (doc. 88), and  defendant's motion to enforce court orders and for sanctions (doc. 89) and plaintiffs' response (doc. 95).  A hearing was held on December 13, 2010.

At the commencement of the hearing, the court sua sponte vacated in part its order requiring that the plaintiffs produce unredacted files by December 6, 2010 (doc. 80).

Now before the court is defendant's motion to compel plaintiffs to produce responsive documents, grant defendant leave to re-depose Ms. England, Mr. Hamilton, and Mr. Hamilton's counsel, and for sanctions.  Defendant argues that Ms. England's deposition testimony alluded to relevant documents plaintiff failed to produce (doc. 83).  Furthermore, defendant accuses plaintiffs of intentionally withholding these and other relevant documents.  In response, plaintiffs contend

that they produced the documents referenced during the deposition the day after the deposition. They maintain they have provided all relevant documents defendant requested, and any omissions were by mistake. Clearly, the court cannot order plaintiffs to produce documents that do not exist, and it relies on plaintiffs' counsel's open court statements that they did not intentionally impede discovery. However, plaintiffs shall allow defendant to inspect Ms. England's boxes of records, and plaintiffs shall also produce the State Farm commercial liability policy, assuming they can find it. With respect to the depositions, the parties stipulate that defendant may re-depose Ms. England, Mr. Boyles, Mr. Rettig, and Mr. Hamilton for not more than two hours each, to be scheduled at a mutually convenient time. Accordingly, the defendant's request for sanctions is denied. Document 87, plaintiffs' motion to strike defendant's motion to compel for failure to confer with plaintiffs prior to filing the motion in violation of Loc. R. 7.1(B), is also denied.

Also under consideration is defendant's second motion for protective order to enforce the court's November 16, 2010 order barring plaintiffs from taking further discovery about claims handling procedures, and for sanctions (doc. 79). In their response, plaintiffs concede that the November 16 order limited the scope of defendant's obligation to respond at depositions but argue they acted to preserve their right to seek review of the order (doc. 95). After review of the parties' submissions and considering arguments at the hearing, the court concludes that this issue is premature. However, it reserves the right to re-visit the matter at a future date if necessary. Defendant's request for sanctions is denied.

With respect to defendant's motion to enforce court orders to produce privilege logs and for sanctions for willful failure to comply with court orders (doc. 89), plaintiffs' counsel has since produced the privilege logs, and counsel for both parties have agreed to work together to resolve this issue. Accordingly, defendant's motion to enforce court orders is moot, and its request for sanctions is denied.

Finally, the court acknowledges plaintiffs' notice of compliance (doc. 97) with this court's order (doc. 73). However, plaintiffs' motion for protective order

prohibiting the defendant from seeking discovery of any fact or witness revealed by the Corry Watson Law Firm's privilege logs is denied without prejudice pending further discovery.

Accordingly, it is ORDERED:

1. The order at doc. 80 is VACATED IN PART to the extent it required production of unredacted files by December 6, 2010.

2. Defendant's second motion for protective order and for sanctions (doc. 79) is DENIED without prejudice.

3. Defendant's motion to compel and for sanctions (doc. 83) is DENIED as set forth herein.

4. Plaintiffs' motion to strike and opposition to defendant's motion to compel and for sanctions (doc. 87) is DENIED.

5. Defendant's motion to enforce court orders and for sanctions (doc. 89) is DENIED as moot with respect to the motion to enforce, and the request for sanctions is DENIED.

6. Plaintiffs' notice of compliance with the court's order at doc. 73 and motion for protective order (doc. 97) is acknowledged as to the notice of compliance, and the motion for protective order is DENIED without prejudice pending further discovery.

DONE AND ORDERED this 14th day of December, 2010.

/s/ *Miles Davis*

MILES DAVIS
UNITED STATES MAGISTRATE JUDGE